Littleton, JucUffe,
delivered the opinion of the court:
Plaintiff seeks to recover $19,126 on the grounds — (1) that defendant in the specifications and drawings, which constituted a part of the contract between the parties, misrepresented the character of the materials which plaintiff would encounter in excavating for the two piers for the bridge over the branch channel of the Chesapeake and Delaware Canal at Delaware City, Delaware, and that this resulted in damages of $10,058 and delay for which defendant was responsible; and (2) that certain extra work was performed for which it was not fully paid.
The essential facts established by the record have been set forth in the findings and they show that the excess cost incurred by plaintiff by reason of the difficulties encountered by it in performing the work called for by the contract was $10,191 (findings 1 and 8). The evidence further shows, as set forth in finding 3, that the conditions encountered by plaintiff in excavating for the east pier were not different from what might reasonably have been expected from an examination of the contract specifications and drawings, including the log of borings as shown therein. Under this finding it is clear that plaintiff is not entitled to recover the cost of performing the work in excess of the estimate in its bid. The log of borings made by the defendant and the information gathered therefrom by the defendant were set forth for the *217 information of bidders, as described in finding 2. Most of the testimony introduced by both parties related to the accuracy or inaccuracy of description of the materials and conditions to be encountered as shown on the drawings and described in the specifications for the information of bidders. A study of that testimony convinces us that the information recorded by the defendant and made available to bidders fairly represented the nature of the material to be excavated and the conditions to be encountered. Midland Land & Improvement Company v. United States, 58 C. Cls. 671, 683, 686. The descriptive record made by defendant and furnished to the bidders was the best information the defendant could obtain from borings made; the wash boring material was carefully analyzed and the record of this analysis was all the information which defendant had. Nothing was concealed from the bidders. Pawling & Co. v. United States, 62 C. Cls. 123; Blakeslee & Sons, Inc., et al. v. United States, 89 C. Cls. 226; General Contracting Corp. v. United States, 88 C. Cls. 214, 247, 248; Triest & Earle, Inc., v. United States, 84 C. Cls. 84, 91.
Paragraph 68 of the specifications stated that the log of borings shown on the contract plans was the best information which the United States had concerning the condition and character of material below the surface of the ground, and proceeded to warn bidders that “these data are only, approximate and not guaranteed. The contractor must base his bid upon his own interpretation of the data.”
Paragraph 67 of the specifications set forth that the material to be removed was believed by the defendant to be mud, sand, clay, gravel, and some sandstone and boulders, witli possibly logs, other foreign materials and remains of old constructions, but bidders were expressly cautioned by this specification to “examine the site and decide for themselves as to the material to be excavated” and to “make their bids accordingly.” The material encountered did consist of mud, sand, clay, gravel, and some sandstone.
The failure of the east cofferdam which gave rise to practically all the excess cost claimed was due to the fact that the sheet steel cofferdam piling was not driven far enough into the ground below the required depth for the pier excavation *218 to support the toe of the piling. As a result of the wet sandy condition of the soil at the bottom of the excavation and the failure of plaintiff to install sufficient timber walers inside the cofferdam near the bottom of the excavation, the sheet piling buckled inwardly at the bottom from outside pressure and the cofferdam was deformed.
In these circumstances we think the increased cost incurred by plaintiff by reason of the difficulties encountered was due to plaintiff’s failure properly to interpret the data furnished by the defendant and not from any misrepresentation by the defendant or its failure to furnish plaintiff with all the information it had. MacArthur Brothers Co. v. United States, 258 U. S. 6.
As a result of the experience which plaintiff had with the east cofferdam, as above-mentioned, the plaintiff, before it drove the piling for the west cofferdam, redesigned that cofferdam, using longer and stronger steel for the piling and allowing a greater area for excavation instead of driving the piling to the neat lines as had been attempted in the east cofferdam. No difficulty was encountered with the west cofferdam.
At the bottom of the excavation for the west cofferdam, the contracting officer, as he had done in the case of the east cofferdam, concluded that the foundation of the concrete pier to be constructed inside the cofferdam should rest on piles, which were driven, and plaintiff was granted extra time for this work and was paid the agreed compensation therefor. The proof does not sustain plaintiff’s claim that it should have been paid more.
The work called for by the contract was completed by plaintiff 141 days late. The contracting officer however found that the delay of 61 days was due to unforeseeable causes and held the plaintiff responsible for only 80 days of the delay for which liquidated damages at the date of $50 a day, as provided in the contract, were deducted. The evidence shows, and we have found as a fact, that the 80 days delay in completion of the work was attributable to the difficulties encountered by plaintiff in connection with the east cofferdam. On the evidence of record, the decision of the contracting officer holding plaintiff responsible for 80 days delay was *219 correct. Liquidated damages in the amount of $4,000 were therefore properly deducted under the provision of art. 9 of the contract.
Plaintiff is not entitled to recover and the petition will be dismissed. It is so ordered.
MaddeN, Judge; JoNes, Judge; and Whaley, Chief Justice, concur.
Whitakeh, Judge, took no part in the decision of this case.